FILED
2024 May-23  PM 02:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE U. S. DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **ADAMS HOMES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: _____** |
| | ) | |
| | ) | |
| **CONTINENTAL CASUALTY** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Adams Homes, LLC, ("Adams Homes") brings this suit pursuant to Ala. Code §27-23-2 as a judgment creditor to collect the available liability insurance coverage under a policy of liability insurance issued to the defendant judgment debtor, John Dye d/b/a Big Boys Plumbing and Gas ("Dye"). Dye's carrier was defendant Continental Casualty Company ("Continental"). Adams Homes obtained a default judgment against defendant Dye for $200,699.22 plus court cost of $599.14. Continental refused to pay the judgment under its policy although the judgment was covered. Adams Homes seeks to recover the judgment under the Continental policy.

## PARTIES

1.     Adams Homes, LLC is an Alabama limited liability corporation. Its sole member is Adams Homes, Inc. Adams Homes, Inc. is a corporation incorporated in

the State of Delaware with its principal place of business in the State of Florida, and it is a Citizen of the States of Delaware and Florida.

2.     Continental Casualty Company is a corporation incorporated in the State of Illinois with its principal place of business in the State of Illinois, and it is a citizen of the State of Illinois.

3.     John Dye is an adult citizen of the State of Alabama. He operates the sole proprietorship Big Boy's Plumbing and Gas.  The statute requires that the insured be joined in a garnishment action against the carrier.

## JURISDICTION AND VENUE

4.     This action is brought pursuant to 28 U.S.C. §1332 based on the Court's diversity jurisdiction. Complete diversity exists and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Venue is proper in this district and division, as the judgment was rendered in Madison County, Alabama.

## UNDERLYING FACTS

5.     On August 21, 2021, Adams Homes and Dye entered into a Master Service Agreement ("MSA"). The MSA was in connection with Adams Homes's construction of residential homes in Madison County, Alabama. Dye served as a plumbing subcontractor under the MSA on that project to build homes in Madison County, Alabama.

6.     Under the MSA, Dye agreed to perform all work in a workmanlike manner to the highest standards of the trade and building code requirements. Dye, however, improperly performed his work that caused property damage to the project homes themselves that required Adams Homes to perform repair work including replacing damaged sheetrock, painting, and other repairs to the homes under construction.

7.     As a result, on July 18, 2023, plaintiff sued Dye for breach of contract, breach of warranty, negligence, misrepresentations, and attorneys' fees authorized under the MSA.  The complaint sought damages for $150,324.42 for property damage and $50,174.80 for attorney fees.

8.     Defendant Continental Casualty Company ("Continental") issued comprehensive general liability policies to John Dye d/b/a Big Boy Plumbing and Gas as follows:

> Policy No. C6981035350, 7/28/21 – 7/28/22
>
> Policy No. C6981035351, 7/28/22 (flat cancel 7/28/22).

9.     Dye did not file an answer.  Counsel for Adams Homes gave Continental actual notice of the lawsuit; however, Continental failed and reused to defend Dye. Upon notice of the suit, on August 16, 2023, Continental simply sent a letter stating it was denying coverage but did not list the grounds or policy terms under which it was denying coverage. Therefore, Continental waived coverage defenses.

10.    Adams Homes then gave Continental another chance to pay the claim, advising that it would have to file a motion for default judgment if Continental did not discharge Dye's liability to Adams Homes. When it received no response, Adams Homes moved for a default judgment against Dye, which the trial court granted, awarding judgment in Adams Homes's favor for $200,699.22 plus $599.14 court costs.

11.    Under Alabama law, Continental is bound by the default judgment because it had actual notice of the suit but did not defend its insured, allowing a default judgment to be entered against him instead.

WHEREFORE, Adams Homes under Ala. Code § 27-23-2 prays for judgment against Continental for the liability policy proceeds in the amount of the judgment, plus interest and costs.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY.**

*/s/ Andrew J. Sinor, Jr.*
Andrew J. Sinor, Jr. (asb-8207-s66a)
J. Mark Hart (asb-5059-a61j)
Jerome C. Chapman IV (asb-2364-o42h)

Attorneys for Adams Homes, LLC

**OF COUNSEL:**
**HAND ARENDALL**
**HARRISON SALE LLC**
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Telephone: 205-324-4400
Facsimile: 205-322-1163
E-Mails:   dsinor@handfirm.com
             mhart@handfirm.com

jchapman@handfirm.com

**DEFENDANT TO BE SERVED**
**VIA CERTIFIED MAIL AS FOLLOWS:**

Continental Casualty Company
c/o CT Corporation System
2 North Jackson Street – Suite 605
Montgomery, AL 36104

John Dye
754 Old Gurley Rd.
Huntsville, AL 35811