IN THE U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **ADAMS HOMES, LLC,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO.: 5:24-cv-00653-LCB ) |
| **CONTINENTAL CASUALTY COMPANY,** | ) ) ) ) |
| Defendant. | ) ) |

_____

### ANSWER OF DEFENDANT CONTINENTAL CASUALTY COMPANY
_____

**COMES NOW** the Defendant, Continental Casualty Company (hereinafter "Continental"), and for its Answer to the numbered paragraphs of the Plaintiff's Complaint says as follows:

### PARTIES

1. On information and belief, admitted.

2. Admitted.

3. On information and belief, admitted.

### JURISDICTION AND VENUE

4. Admitted. Jurisdiction and venue are not contested

### UNDERLYING FACTS

5. Without sufficient information to admit or deny, therefore denied.

6. Without sufficient information to admit or deny, therefore denied.

7. On information and belief, admitted.

8. Admitted.

9. On information and belief, Defendant admits Dye did not file an Answer and that Defendant had notice from counsel from the Plaintiff of the suit by Adams Homes. Defendant was not asked to provide a defense, nor did Defendant waive any coverage defenses.

10. Admitted that Adams Homes moved for and took a default judgment against Dye.

11. Denied.

Now having Answered the numbered paragraphs of Plaintiff's Complaint, Defendant further pleads the following defenses:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant pleads that the insured failed to notify Defendant of the lawsuit nor did the insured make a request for defense or indemnity in the underlying lawsuit brought by Adams Homes against John Dye d/b/a Big Boy Plumbing and Gas (hereinafter "Big Boy").

### THIRD DEFENSE

Big Boy failed in its contractual obligation to Defendant to cooperate.

## FOURTH DEFENSE

The occurrence or occurrences on which this claim is based happened outside of Big Boy's policy period with Defendant.

## FIFTH DEFENSE

The occurrence or occurrences on which this claim is/are based are excluded by the **Prior Completed or Abandoned Work** Exclusion.

## SIXTH DEFENSE

The occurrence or occurrences on which this claim is/are based are excluded by Exclusion j:

> j. **Damage To Property**
>
> "Property Damage" to:
>
> (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

## SEVENTH DEFENSE

The occurrence or occurrences on which this claim is/are based are excluded by Exclusion k.

> k. **Damage to Your Product**:
>
> "Property damage" to "your product" arising out of it or any part of it.

## EIGHTH DEFENSE

The occurrence or occurrences on which this claim is/are based are excluded by Exclusion l.

l. **Damage to Your Work**:

"Property damage" to "your work" arising out of it and included in the "products-completed operations hazard".

## NINTH DEFENSE

The occurrence or occurrences on which this claim is/are based are excluded because this insurance does not apply to: **Exclusion - Residential Condominiums, Townhouses, Time-Shares and Tracts**:

Claims for injury or damage arising out of work involving, related to, or performed on or at:

(1) … planned developments;

(4) Any project or premises on which more than 10 houses have been built, or are in any stage of planning, development or construction.

## TENTH DEFENSE

The occurrence or occurrences on which this claim is/are based are excluded by the Exclusion found in the **Prior Completed or Abandoned Work** schedule date July 28, 2021 which states in relevant parts:

… this insurance does not apply to any claim or **"suit"** seeking damages arising out of **"your work"** that was:

(1) completed prior to the date shown in the **PRIOR WORK SCHEDULE**; or

(2) abandoned by the insured prior to the date shown in the **PRIOR WORK SCHEDULE**.

… **"your work"** will be considered:

- completed when the part of the work done at a job site has been put to its intended use by any person or organization.

- Abandoned when the insured has failed to provide labor, materials or services for its portion of a construction project for at least 90 days, despite that portion not being accepted as complete by the project's owner, general contractor or construction manager.

## ELEVENTH DEFENSE

The occurrence or occurrences on which this claim is/are based are excluded by the **Continuous or Progressive Injury And Damage Exclusion** which states in relevant part b. This insurance applies to **"bodily injury"** and **"property damage"** only if:

(1) The **"bodily injury"** or **"property damage"** is caused by an **"an occurrence"** that takes place in the **"coverage territory"**; and

(2) The **"bodily injury"** or **"property damage"** occurs during the policy period, and also began during the policy period.

## TWELFTH DEFENSE

Defendant asserts that Big Boy breached it **Duties in the Event of Occurrence, Offense, Claim or Suit** by failing to comply with the following provision:

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;

(2) The names and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b. If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable.

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

Defendant reserves the right to plead any additional defenses that may become known as discovery progresses in this case.

Respectfully submitted this 25th day of July, 2024.

/s/ Richard E. Smith
Richard E. Smith (ASB-6536-M69R)
Priscilla K. Williams (ASB-3424-A43N)
*Attorneys for Defendant, Continental Casualty Company*

**OF COUNSEL:**
**CHRISTIAN & SMALL LLP**
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234
resmith@csattorneys.com
pkwilliams@csattorneys.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2024, I electronically filed the foregoing with the Clerk of the Court using the Pacer CM/ECF system which will send notification of such filing to the following counsel of record:

Andrew J. Sinor, Jr.
J. Mark Hart
Jerome C. Chapman, IV
HAND ARENDALL HARRISON SALE, LLC
1801 5th Avenue North, Suite 400
Birmingham, AL 35203
Telephone: 205-324-4400
Facsimile: 205-322-1163
dsinor@handfirm.com
mhart@handfirm.com
jchapman@handfirm.com
*Attorneys for Plaintiff Adams Homes, LLC*

                                                */s/ Richard E. Smith*
                                                OF COUNSEL

4297807.1